IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE WALLACE, No. R10764,    )
                                )
                  Plaintiff,    )
                                )
vs.                             )        Case No. 11-cv-332-MJR
                                )
GLADYSE C. TAYLOR, et al,       )
                                )
                  Defendants.   )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Wallace, an inmate at Tamms Correctional Center ("Tamms"), brings

this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is

serving a life sentence for murder and a twenty-five year sentence for attempted murder of a

corrections officer. This case is now before the Court for a preliminary review of Plaintiff's

operative complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds that a portion of the claims in the complaint are subject to dismissal at this point in the litigation.

### **The Complaint**

For purposes of this § 1915A screening, the Plaintiff's operative complaint is his amended complaint (Doc. 16), and the exhibits thereto (Doc. 17). Plaintiff's subsequently filed Claim for Relief and Memorandum of Law (Doc. 19) and exhibits thereto (Doc. 20-22) are premature, have not been reviewed, and will be stricken. *See* FED. R. CIV. P. 8, 34.

Plaintiff is currently a party in two pending civil matters in this District. Additionally, Plaintiff states that during his incarceration he has filed numerous grievances with Tamms, the Illinois Department of Corrections ("IDOC") as well as other government entities. Plaintiff claims that Defendants Taylor, Bartley, Johnson, Godinez and Mason have, during the pendency of these civil suits and grievances, subjected Plaintiff to conditions violative of his rights as punishment for his participation in constitutionally protected activity.

Specifically, Plaintiff claims that on December 13, 2010, Defendant Taylor, Director of IDOC, through her subordinate proxy, denied Plaintiff the right to be removed from indeterminate segregation.

Plaintiff additionally claims that Defendants Bartley and Johnson, chief administrative officer, and former Warden of Tamms, respectively, approved his placement in a segregated housing unit ("SHU") from July 1, 2008 through January, 2010. As to Johnson, Plaintiff also claims that that she deprived him of magazines, newspapers and haircuts from October 2010 to February 2011.

Plaintiff claims that on August 2, 2011, Defendant Godinez, through his proxies, refused him the right to be transferred from Tamms.

Defendant Mason is accused by Plaintiff of fabricating an inmate disciplinary report on October 29, 2010, resulting in Plaintiff's receiving a standard issue "meal-loaf," the consumption of which he claims would violate his stated religious beliefs.

In addition, Plaintiff also asserts violation of his Eighth Amendment rights by Defendants Hammersley, Baskins, Clover, Vaughn and Wexford Health Services for actions related to Plaintiff's mental health treatment.

Finally, Plaintiff asserts that Defendants Taylor and Godinez, as Directors of the IDOC, and Defendants Bartley and Johnson, as Wardens of Tamms, violated his equal protection rights by failing to adhere to the IDOC's and Tamms' grievance procedures.

**<u>Discussion</u>**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into six (6) counts. The parties and the Court will use these designations in all

future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

### Count One – Retaliation by Unlawful Segregation

Plaintiff complains both of being placed in indeterminate segregation and of being placed in a segregated housing unit.  Plaintiff is an inmate at Tamms, a supermax facility, and further, has been convicted of attempted murder of a correctional officer.  Continued confinement in administrative detention does not implicate a constitutionally protected liberty interest.  *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1995).  Although Plaintiff is subjected to more burdensome conditions, those conditions are "within the normal limits or range of custody which the conviction has authorized the [government] to impose."  *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process); *see Sandin v. Conner*, 515 U.S. 472, 477 (1995).  It does not constitute a "grievous loss" of liberty, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), an atypical and significant hardship on the prisoners generally in relation to the ordinary incidents of prison life, nor a dramatic departure from the basic conditions or duration of the prisoner's sentence.  *Sandin*, 515 U.S. at 481-85.

Plaintiff asserts that his segregation and his placement in the SHU are retaliation by Defendants Taylor, Bartley and Johnson for his filing of grievances and civil lawsuits against prison personnel and officials.  Plaintiff has not articulated the manner in which his segregation at Tamms differs from the segregation that constitutes normal conditions of confinement at a supermax facility.  At the pleadings stage, however, a plaintiff need only state enough of the bare facts in the complaint to apprise the defendants of the claims brought against them.  *Beanstalk Group Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002); *Kirksey v. R.J. Reynolds*

*Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Wallace has, at this stage of the proceedings, stated sufficient facts to proceed on this claim of retaliation.

### Count Two – Retaliation by failure to transfer

In addition to complaints about segregation, Plaintiff states that his transfer from Tamms has been prevented due to his participation in civil litigation and the grievance process. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Plaintiff specifically states that one particular refusal by Defendant Godinez, occurring on August 3, 2011, was unconstitutionally based on Plaintiff's filing this action. Thus, his pleading is made with adequate specificity and notice to Defendant Godinez for it to proceed.

### Count Three - Retaliation through falsification of a disciplinary report

In addition to the complaints above, Plaintiff states that Defendant Mason maliciously fabricated an inmate disciplinary report, knowing that Plaintiff would then be placed on a meal-loaf diet in contravention of his Orthodox Jewish religious beliefs. Plaintiff claims that Defendant's action substantially burdened his constitutional right to engage in protected activity. Plaintiff limits his allegations to conduct occurring on October 29, 2010. Having thus limited his allegations and specified the claimed unconstitutional conduct, the Plaintiff has

sufficiently stated a claim for retaliation and Defendant has been sufficiently apprised of the claims against him to respond. The claim against Defendant Mason shall proceed.

### Count Four – Retaliation by denial of library materials

The allegations against Defendant Johnson, in which Plaintiff claims that Johnson maliciously withheld magazines, newspapers and haircuts in retaliation for Plaintiff's engaging in a protected activity, are contradicted by Plaintiff's pleadings which include the responses that Plaintiff received to the grievances he filed about these matters.[1] *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). These allegations against Johnson shall be dismissed with prejudice.

### Count Five –Mental Health Treatment

Plaintiff names Defendants Hammersley, Baskins, Clover, Vaughn and Wexford as being responsible for Eighth Amendment violations by subjecting Plaintiff to cruel and unusual punishment either through acts or omissions related to his mental health treatment at Tamms.

Plaintiff states that he repeatedly advised Defendants Hammersley, Baskins, Clover and Vaughn of his wishes for mental health programming and services, specifically, evaluations, crisis intervention, psychotropic medication therapy and placement in a specialized setting.

---

[1] The IDOC response to Plaintiff's grievance, attached as Plaintiff's Exhibit #1 to Amended Complaint (Doc. 17-1), indicates that the facility's library associate position had been vacated and a staff member temporarily assigned. Reading materials were available by written request. The response further stated that barber services were offered once a week.

Plaintiff's pleadings, however, refute his assertions that he has not received any type of specialized care. He states that Defendant Clover had him prematurely removed from crisis observation, then falsified records associated with the observation. His complaints against Defendant Baskins consist of vague allegations that he has not been given sufficiently adequate mental health care and disagreement with his placement in SHU, restraints and lockdown. Similarly, Plaintiff states that Defendant Vaughn ordered seclusion, restraints and lockdown in lieu of unspecified mental health treatment that Plaintiff believes would have been preferable.

Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898. Plaintiff's continuing disagreement with the ongoing mental health treatment he receives at Tamms is not an issue in which this Court will intervene. These claims shall be dismissed with prejudice.

Plaintiff additionally names Wexford Health Services ("Wexford") as a Defendant, stating generally that Wexford maintained policies that sanctioned unlawful prison conditions. Plaintiff does not, in even the broadest terms, identify a Wexford policy that

infringes upon his constitutional rights. The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has not alleged that Wexford had a policy or practice of denying medication to mentally ill inmates or to otherwise deny them health care, but merely states broad conclusions of unconstitutional conduct. Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff's claims against Wexford shall be dismissed with prejudice.

### Count Six - Grievance Procedure

Finally, Plaintiff states that Defendants Taylor and Godinez, as former and current directors of the IDOC, violated his equal protection rights by supporting the decisions of the IDOC's inmate grievance procedures. He further asserts that Defendants Bartley and Johnson, as wardens of Tamms, joined in and supported the decisions and actions of both IDOC's and Tamms' inmate grievance procedure and thereby violated his Fourteenth Amendment rights. Plaintiff's pleadings include his grievances, his appeals thereof and IDOC's responses to them. He does not agree with the responses or the manner in which IDOC handed them down. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own

procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

To the extent that Plaintiff asserts that the denials of his grievances constitute disparate treatment, his claims will not stand. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but did not obtain the outcome he desired). Plaintiff's claims against Defendants Taylor, Godinez, Bartley and Johnson for violating his equal protection rights by improperly denying his grievances shall be dismissed with prejudice.

### Disposition

In summary, **IT IS HEREBY ORDERED** that **Count One** against Defendants Taylor, Bartley and Johnson, **Count Two** against Defendant Godinez and **Count Three** against Defendant Mason shall receive further consideration. **Count Four** against Defendant Johnson fails to state a claim upon which relief may be granted and will be dismissed. **Count Five** against Hammersley, Baskins, Clover, Vaughn and Wexford Health Services fails to state a claim upon which relief may be granted and is dismissed with prejudice. **Count Six** against Defendants Taylor, Godinez, Bartley, and Johnson fails to state a viable claim and thus is **DISMISSED** with prejudice.

**IT IS HEREBY ORDERED** that Defendants **HAMMERSLEY**, **BASKINS**, **CLOVER**, **VAUGHN** AND **WEXFORD HEALTH SERVICES** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **TAYLOR**, **BARTLEY**, **JOHNSON**, **GODINEZ** and **MASON** (1) Form 5 (Notice

of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

The Clerk of the Court is **DIRECTED** to strike Documents 19, 20-22 from the record.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

IT IS SO ORDERED.

DATED this 7 day of May, 2012

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge